UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ALESANDI ARIEL ABREU;
KENIA MARIA SANCHEZ DE ABREU;                    **Civil Action No: 17-cv-06179**
CRISMELDA CEBALLO DE ABREU and
DANILO ABREU ARIAS,                              **FOURTH AMENDED COMPLAINT**

                             Plaintiffs,

        -against-                               **JURY TRIAL DEMANDED**

                                ECF Case

Detective ANDREW ULICH, Tax ID: 933587;
Detective DWAYNE LEE SHUE, Tax ID: 942050,
Individually and in their official capacities,

                             Defendants.

-------------------------------------------------------------------x

      Plaintiffs, ALESANDI ARIEL ABREU, KENIA MARIA SANCHEZ DE ABREU,

CRISMELDA CEBALLO DE ABREU and DANILO ABREU ARIAS, by their attorney,

LAW OFFICE OF LAURIANO GUZMAN JR., P.C. by LAURIANO GUZMAN, JR.,

hereby bring this action under 42 U.S.C § 1983 to redress their civil and legal rights and

allege as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs, ALESANDI ARIEL ABREU,

      KENIA MARIA SANCHEZ DE ABREU, CRISMELDA CEBALLO DE ABREU and

      DANILO ABREU ARIAS, seek relief for the defendants' violations of their rights

      secured by Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States

      Constitution, including its Fourth and Fourteenth Amendments, and by the laws and

      Constitution of the State of New York. Plaintiffs seek compensatory and punitive

damages, an award of cost, interest and attorney's fees, and such other further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redresses for the violation of the Plaintiffs constitutional and civil rights.

3.    Plaintiffs further invoke the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4.    Venue in this district is proper under 28 U.S.C § 1391 (b) and (c) in that Defendants are administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

5.    Plaintiffs demands a trial by jury on each and every one of their claims as pleaded herein.

2

## PARTIES

6.  At all times relevant to this action, Plaintiffs, ALESANDI ARIEL ABREU (hereinafter "ALESANDI"), KENIA MARIA SANCHEZ DE ABREU (hereinafter "KENIA"), CRISMELDA CEBALLO DE ABREU (hereinafter "CRISMELDA") and DANILO ABREU ARIAS (hereinafter "DANILO") were and are residents of Bronx County, New York.

7.  Defendants, Detective ANDREW ULICH (hereinafter "Det. ULICH") and Detective DWAYNE LEE SHUE (hereinafter "Det. LEE SHUE") are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the NEW YORK CITY POLICE DEPARTMENT, a municipal agency of the CITY OF NEW YORK (hereinafter "CITY").  At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the NEW YORK CITY POLICE DEPARTMENT, in the course and scope of their duties and functions as officers, agents, servants, and employees of CITY, were acting for, and on behalf of, and with the power and authority vested in them by the CITY and the NEW YORK CITY POLICE DEPARTMENT, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

8.  By the conduct, acts, and omissions complained of herein, Defendants, Det. ULICH and Det. LEE SHUE violated clearly established constitutional standards under the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States

3

Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

9. Plaintiffs timely filed Notices of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiffs' claims against Defendants, Det. ULICH and Det. LEE SHUE.

10. The City assigned claim numbers to Plaintiffs' claims, and Plaintiffs were subjected to examinations pursuant to N.Y Gen. Mun. L. Sec. 50-h on February 25, 2015.

11. To date, no answer has been received by Plaintiffs and no compensation has been offered by the city in response to their claims.

12. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

### Background

13. On August 17, 2014 at approximately 3:30 a.m., uniformed defendants, Det. ULICH and Det. LEE SHUE, acting in concert with their guns drawn, without a warrant and without probable cause, kicked open the entry door and stormed into Plaintiff's apartment at 1315 Lafayette Avenue, Bronx, New York, allegedly in search of an unknown individual they later claimed entered plaintiffs' fire escape window. However, plaintiffs maintain that their fire escape window and iron security gate were locked from the inside, rendering the officers' claims that someone entered physically impossible.

4

14.     Upon forcible entry into the apartment, defendant officers then proceeded to forcibly make entry into plaintiffs' bedroom door where Kenia, Danilo and their son, D.A., had been peacefully asleep. Awoken by the loud noise and the defendant officers shouting profanity, Kenia, Danilo and their son, D.A. came face to face with defendant officers' guns and flashlights pointing at them.

15.     Crismelda and Alesandi, who were sleeping with their two year old infant daughter, A.A., heard the commotion and woke up in sheer terror. Crismelda opened her bedroom door and defendant officers rushed into their bedroom pointing their guns and blinding flashlights at their faces.  Crismelda and Alesandi were ordered out of their bedroom and quickly ushered into the living room where Kenia, Danilo and D.A. had been gathered.

16.     While in the living room, they saw their fire escape window and the security gate were now both opened.  Plaintiffs are definitively certain that before they went to bed, both the window and the iron security gate had been locked from the inside and inaccessible from the exterior.  Plaintiffs allege that defendant officers opened the gate and window in a post hoc attempt to furnish otherwise non-existent probable cause.

17.     The Plaintiffs did not understand what defendant officers were doing in their apartment; they had not committed any criminal offense. The defendant officers did not identify themselves by name, but the plaintiffs saw that they all wore police uniforms with 41st Precinct pins on their collars.

18.     Defendant officers then performed a warrantless search of their entire apartment while the plaintiffs, in their underclothes, frightened and humiliated stood in the living room.   Defendant's claims that they were looking for an individual were belied by the scope of the search; the officers could be heard rummaging through dresser drawers and otherwise searching small containers where no adult or child could be hiding.

19.     One of the officers present, whose identity is unknown, spoke Spanish and explained to plaintiffs that they observed an individual enter through the fire escape window of their apartment. Plaintiffs knew, and informed the officers, that this was impossible because the window to the fire escape and the inside security gate were locked and the officers could readily observe that there was no damage to the window or the security gate.  Officers continued their unlawful search.

20.     As both the window and the security gate were locked from the inside, no one could get access into their apartment from the fire escape.  It was immediately apparent to plaintiffs that once defendant officers were in the apartment, the officers had opened the window and security gate to the fire escape from the interior.

21.     The defendant officers left the plaintiffs' apartment without apologizing or helping them secure their front door that was damaged beyond immediate repair. Ironically, by the defendant officers damaging their entry door, the plaintiffs were left vulnerable and susceptible to unlawful entry by anyone causing additional anxiety and fear.   Additionally, clothing and personal items contained in dresser drawers were removed and thrown about.

6

22.    The defendant officers' unlawful entry and warrantless search was fruitless and in violation of plaintiffs' Fourth Amendment rights to be free from unreasonable searches and seizures by the government.

23.    Several hours after defendant officers invaded plaintiffs' home, plaintiffs went to the 41st Precinct to lodge a complaint against the defendant officers. Plaintiffs informed the desk officer what happened at their apartment and described the appearance of defendant officers.  The desk lieutenant on duty told them that they were not from that precinct.

24.    Shortly thereafter, plaintiffs were able to obtain security video from the superintendent that depicts the defendant officers entering the main vestibule and ascending the stairs in the building leading to the apartments on the upper floors.

25.    In an effort to ascertain the identity of the defendant officers, they hired a private investigator.  The investigator went to the 41st precinct and showed the on duty desk lieutenant the security video footage of the defendant officers. The video footage clearly depicts the faces of the defendant officers who are in police uniform.  The 41st precinct desk lieutenant alleged that he could not identify the officers.  Plaintiffs were recently able to ascertain the identities of defendant, Detective ULICH and Detective LEE SHUE.  However, to date, despite the due diligence of plaintiffs, the identities of the remaining officers are still unknown.

26.    That each and every officer and individual who responded to, had any involvement and was present at the unlawful entry and warrantless search described herein knew and was fully aware that the search was unlawful and that the plaintiffs did

not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

27. Defendant officers, upon information and belief, were supervised, instructed, ordered and condoned by supervising ranking police officers and NYPD policy makers responsible for the policies and supervision of all police officers involved in this conduct.

28. As a result of the aforesaid actions by defendant officers, plaintiffs have suffered and continue to suffer emotional distress, fear, shock, anxiety and embarrassment, and pain.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### UNLAWFUL SEARCH AND SEIZURE (UNITED STATES CONSTITUTION FOURTH AMENDMENT)

29. Plaintiffs incorporate the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

30. Upon information and belief, Det. ULICH violated the plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 in that, while acting under color of law, Det. ULICH forcibly and illegally entered the home and forcibly and illegally entered bedrooms of the plaintiffs without permission or lawful reason, illegally searched the apartment of plaintiffs without permission or lawful reason, forcibly seized plaintiffs causing them to remain in their

8

living room at gun point while they illegally searched their apartment, and otherwise violated plaintiffs' right to be free from arbitrary and unreasonable searches and seizures. Plaintiffs were deprived of their right to be secure in their privacy, person, house, papers, and effects against unreasonable searches and seizures by state actors acting under color of state authority, as guaranteed to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

31.     Upon information and belief, Det. LEE SHUE violated the plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 in that, while acting under color of law, Det. LEE SHUE forcibly and illegally entered the home and forcibly and illegally entered bedrooms of the plaintiffs without permission or lawful reason, illegally searched the apartment of plaintiffs without permission or lawful reason, forcibly seized plaintiffs causing them to remain in their living room at gun point while they illegally searched their apartment, and otherwise violated plaintiffs' right to be free from arbitrary and unreasonable searches and seizures. Plaintiffs were deprived of their right to be secure in their privacy, person, house, papers, and effects against unreasonable searches and seizures by state actors acting under color of state authority, as guaranteed to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

32.     By reason of the foregoing, defendants are liable to plaintiffs for compensatory damages in an amount to be determined at trial and exceeding the jurisdictional threshold of this Court, plus punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray judgment as follows:

a.      For compensatory damages against all defendants in an amount to be

proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount

to be proven at trial;

c.      For costs of suit herein, including Plaintiffs' reasonable attorney's fees and

d.      For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand

a trial by jury.

Dated: Bronx, New York
       July 11, 2018

Respectfully submitted:
*Law Office of Lauriano Guzman, Jr., P.C.*

*/s/ Lauriano Guzman, Jr.*

By: LAURIANO GUZMAN, JR. (3330)
*Attorney for Plaintiffs*
2565 Frisby Avenue
Bronx, New York  10461
T:  (718) 892-8200
F:  (718) 892-8203
E:  guzmanesq@aol.com

10

Civil Action No: 17cv06179

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALESANDI ARIEL ABREU;
KENIA MARIA SANCHEZ DE ABREU;
CRISMELDA CEBALLO DE ABREU and
DANILO ABREU ARIAS,

                                                          Plaintiffs,

          - against -

Police Officer ANDREW ULICH, Tax ID: 933587;
Police Officer DWAYNE LEE SHUE, Tax ID: 942050,
Individually and in their official capacities,

                                                          Defendants.

## FOURTH AMENDED COMPLAINT

**LAW OFFICE OF LAURIANO GUZMAN, JR., P.C.**
*Attorney for Plaintiffs*
2565 Frisby Avenue
Bronx, New York 10461
(718) 892-8200
E: guzmanesq@aol.com